IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIMINAL NO. JKB-18-0070 |
| MICHAEL CAMPOS-LEMUS, | * | |
| Defendant. | * | |

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Michael Campos-Lemus' Motion to Reduce Sentence Under 18 U.S.C. Section 3582 (c)(1)(A)(i) (ECF No. 215). For the reasons that follow, the Motion will be denied.

### I.  BACKGROUND

On February 25, 2019, Campos-Lemus pled guilty to one count of Conspiracy to Participate in a Racketeering Enterprise, in violation of 18 U.S.C. § 1962(d). (ECF No. 92.) According to the Stipulation of Facts attached to his plea agreement, Campos-Lemus "was a member and associate of the MS-13 gang." (*Id.* at 11.) Campos-Lemus "agreed with members and associates of the MS-13 gang to engage in racketeering activities, including acts involving murder and the distribution of controlled substances." (*Id.*) Specifically, in the summer of 2015, Campos-Lemus and his confederates conspired to murder someone who they thought was a member of a rival gang. (*Id.*) And they followed through on this plan. After the victim was lured to a wooded area, Campos-Lemus and his co-conspirators "struck and stabbed [the victim] with machetes and knives until [the victim] was dead." (*Id.* at 12.) After Campos-Lemus pled guilty, this Court sentenced him to 204 months of imprisonment. (ECF No. 213.)

## II.    DISCUSSION

Campos-Lemus now moves for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).  The analysis under this provision proceeds in two steps.  *United States v. Bethea*, 54 F.4th 826, 831 (4th Cir. 2022).  First, the Court must find that Campos-Lemus has presented "extraordinary and compelling reasons" justifying relief.  18 U.S.C. § 3582(c)(1)(A)(i); *Bethea*, 54 F.4th at 831.  If the Court makes this finding, then it must still determine "that release is appropriate under the 18 U.S.C. § 3553(a) sentencing factors." *Bethea*, 54 F.4th at 831.[1]

### A.  Extraordinary and Compelling Reasons

Beginning with extraordinary and compelling reasons, § 1B1.13(b) of the Sentencing Guidelines lists specific circumstances which are sufficient to justify release.  *See generally* § 1B1.13(b)(1)–(4).  Campos-Lemus does not argue, however, that any of these circumstances apply to him.  Rather, he references the catch-all "other reasons" provision.  (ECF No. 215 at 1.)  This provision allows the Court to grant a sentence reduction if "[t]he defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)."  § 1B1.13(b)(5).

Campos-Lemus argues that the combination of two circumstances satisfies this provision. He first explains that he "has engaged in, and is continuing to engage in[,] meaningful rehabilitation efforts," and he provides a long list of activities and programs that he has completed. (ECF No. 215 at 3.)  The crux of his Motion, however, is focused on the fact that he completed a Gang Disassociation Program ("GDP").  Campos-Lemus explains that this program is not merely

---

[1] § 3582(c)(1)(A) also requires that criminal defendants first exhaust administrative remedies.  Although Campos-Lemus has provided no evidence of administrative exhaustion, the Court assumes for the sake of this Memorandum and Order that Campos-Lemus has properly exhausted his administrative remedies.

a rehabilitation program. (*Id.* at 2.) Rather, it requires defendants to provide information to federal agencies which is then used to fight gang activity. (*Id.*) Thus, completion of this program puts defendants at significant risk. (*Id.*) Campos-Lemus also provides documentation indicating that the Bureau of Prisons has determined that Campos-Lemus is no longer affiliated with MS-13. (ECF No. 215-1.) In support of his argument, Campos-Lemus cites to a case from the District of Montana in which a judge held that rehabilitation combined with completion of a GDP was an extraordinary and compelling reason justifying a sentence reduction. *United States v. Beres*, Crim. No. 18-58-BLG-SPW-02, 2023 WL 8809320, at *2 (D. Mont. Dec. 20, 2023). Campos-Lemus also indicates that there are other cases where judges have favorably viewed the completion of GDPs. (ECF No. 215 at 2.)

However, there are also numerous cases in which judges have distinguished *Beres*. *See, e.g.*, *United States v. Alston-Currie*, No. 1:13-CR-214-1, 2025 WL 2390537, at *7 (M.D.N.C. Aug. 18, 2025); *United States v. Walter*, No. 4:96-CR-00026-SLG, 2025 WL 1040835, at *4–6 (D. Alaska Apr. 8, 2025); *United States v. Avila*, No. 02-CR-464-8, 2024 WL 4027973, at *2 (N.D. Ill. Sept. 3, 2024). In these cases, courts have determined that defendants are not entitled to relief when they merely assert, in a conclusory fashion, that they have completed a GDP. *E.g.*, *Alston-Currie*, 2025 WL 2390537, at *7. Rather, defendants must provide "meaningful information" about the GDP and evidence that they face a "particular risk" because of participation in the GDP. *Id.* And even then, at least one court has found that completion of a GDP can almost never serve as an extraordinary and compelling reason warranting a sentence reduction. *United States v. Gonzalez*, No. 2:07-CR-01172-JAK-35, 2026 WL 76304, at *4 (C.D. Cal. Jan. 7, 2026). Here, even if the Court were to adopt the approach of *Alston-Currie* instead of *Gonzalez*, Campos-Lemus' argument would still fail. As was the case in *Alston-Currie*, Campos-Lemus' situation

3

differs from the defendant in *Beres*. Campos-Lemus only cursorily alleges that he provided information which has been used to combat gang activity. (ECF No. 215 at 2.) He provides no concrete evidence of this nor any particularized account of the information that he shared as part of the GDP. (*Id.*) Further, while the Court recognizes that MS-13 is a violent and dangerous gang, Campos-Lemus has also not alleged that he is aware of any specific threat to his life. Thus, even if the Court accepts the reasoning of *Beres*, that case is inapposite to the instant matter. Accordingly, Campos-Lemus has failed to show that there exists an extraordinary and compelling reason warranting a sentence reduction.

### B. 18 U.S.C. § 3553(a) Factors

Even if the Court were to find that Campos-Lemus had presented an extraordinary and compelling reason justifying a sentence reduction, the Court would still deny his Motion because the 18 U.S.C. § 3553(a) factors do not support release. *See* 18 U.S.C. § 3582(c)(1)(A). Notably, in his Motion, Campos-Lemus does not address the § 3553(a) factors at all. But from the Court's review of the record, it is clear that they do not lean in his favor. To be sure, the Court sees real signs of rehabilitation and is encouraged by Campos-Lemus' participation in the GDP. Despite the lack of specifics Campos-Lemus has provided about the program, this Court has previously recognized the importance of GDPs. *United States v. Richardson*, Crim. No. JKB-09-0288, 2025 WL 2173452, at *5 (D. Md. July 31, 2025). But the Court must still remain mindful of the needs for general deterrence and to account for the seriousness of the offense. Here, those two factors weigh heavily in the Court's consideration. Campos-Lemus was an active member of MS-13, an extremely violent gang; he conspired with numerous others to participate in a racketeering enterprise as part of his membership in MS-13; and most seriously, he personally took part in a murder. The Court has a responsibility to ensure that others are deterred from committing such

4

heinous acts, and it has the obligation to ensure that Campos-Lemus' sentence adequately reflects the grave nature of these crimes. After reconsidering the § 3553(a) factors, the Court concludes that the current sentence of 204 months of imprisonment is the sentence that is sufficient, but not greater than necessary, to achieve the goals of sentencing.

### III.    CONCLUSION

Based on the foregoing, it is ORDERED that Defendant Michael Campos-Lemus' Motion to Reduce Sentence (ECF No. 215) is DENIED. The Clerk is DIRECTED to mail a copy of this Memorandum and Order to Campos-Lemus.

DATED this __/(__ day of May, 2026.

BY THE COURT:

James K. Bredar
United States District Judge